IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Freddie L. Curtis,<br><br>    Plaintiff,<br><br>vs.<br><br>Dr. Ryan Ziteke,<br><br>    Defendant. | Civil Action No. 0:21-cv-1810-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's *pro se* Complaint filed June 16, 2021. ECF No. 1 (Complaint). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On June 24, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed without prejudice and without issuance and service of process as duplicative of a case already dismissed. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on July 8, 2021. ECF No. 11.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff filed a letter, construed by this court as objections to the Report, stating he did not understand the "letter" he received because he believed it said both that his case was granted but also that it was dismissed. ECF No. 11. He requested to know if his case is "still going on or not," and stated "I need this case to go on and sue Dr. Ryan Ziteke." *Id.* at 1.

The court agrees with the Magistrate Judge this case is duplicative of Plaintiff's previously filed case at Civil Action No. 3:21-420, which was dismissed because the defendants were not state actors and the allegedly deficient negligent care took place before Plaintiff was an inmate at Sumter-Lee Regional Detention Center. Similarly in this case, Plaintiff has alleged no facts tending to show Doctor Ziteke was acting under color of state law when he treated Plaintiff, in fact, it appears the facts alleged took place when Plaintiff was living in the community; therefore, Defendant cannot be sued under § 1983.[1] *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"). Plaintiff acknowledges his claim did not

---

[1] Plaintiff was provided the opportunity to amend his Complaint in the previous case, but failed to allege state action; therefore, it appears he is unable to do so.

take place when he was confined in a correctional facility. ECF No. 1 at 11. His is therefore a claim for medical negligence and would be one he would need to file in state court instead of under § 1983, as noted in the Order dismissing the previous case. Although Plaintiff requests in his objections for the "case to go on," it is not one that can be brought in this court.

After a de novo review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation this matter must be dismissed. Plaintiff's claim against this Defendant is not one that can be brought under § 1983. Accordingly, the court adopts the Report by reference in this Order. This matter is dismissed without prejudice and without issuance and service of process.[2]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
July 14, 2021

---

[2] This action will constitute a "strike" against Plaintiff under the Prison Litigation Reform Act.